So, Mr. Murray, you have reserved two minutes for rebuttal, so that gives you eight minutes out of the gate. Just give us one second. I just want to set up my electronics. All right. Mr. Murray, you may proceed. Thank you. Good morning. My name is Chris Murray, and I'm appearing on behalf of the plaintiff, Appellant Jason Doherty, who is an individual on the autism spectrum. Mr. Doherty commenced this action when he was a freshman at SUNY Purchase with regard to the issuance of no contact orders, which at the time SUNY Purchase did not require the students to give a reason why the no contact orders were being requested. They were requested by a number of people, and as alleged, we believe that was to ostracize him because of his mannerisms created by his autistic diagnosis. After discovery, fact discovery, had been completed, the defendants moved for judgments on the pleadings. They did not move for summary judgment. Could I interrupt for just a second? You said discovery was completed, and discovery often proceeds in two phases. Discovery was based on the representation of the interrogatories that you were not seeking economic damages. Is that right? No. There was depositions. There were documents produced. There was psychological records. But wasn't still the understanding then that you were not seeking economic damages? We had put in the, we had objected to the interrogatory that we were, that was requesting that information. We did put in the interrogatory that we were not seeking economic damages, emotional distress. However, that was part of what would be a summary judgment record, not on the pleadings. But the state, my point is that the state didn't have an opportunity to develop or pursue discovery on economic damages because the understanding at the time was that you were not seeking them. Is that a misunderstanding? No. I don't think that is accurate because the type of damages we were seeking were based on the no contact order. We clearly said throughout discovery that part of his harm was his inability to use the college fully because of the no contact orders. Was there, was he taking lost tuition or something more traditional of a contract type of damage? No. We weren't alleging that. But we were alleging an inability to use the facilities because of the no contact orders. And that was clear in the complaint. It was clear during his deposition. It was clear, you know, throughout the proceeding, which they had plenty of opportunity to explore and ask questions on. But again, that would come out in a summary judgment record. What damages were you seeking for those things? It seems to me like the only damage you were seeking were emotional distress. It's emotional distress, but there's also... So other than emotional distress, what damages are you or were you seeking? We were seeking the damages of lost opportunity to fully engage in the school. And what was the discovery on that? They asked him whether he could go to classes, if any other individuals, you know, what was the problems. And he expressed his fear of going to classes, his fear of being arrested. That all goes to garden variety, emotional distress. That's all you really said you were seeking. And now it seems like you're trying to say, okay, well, since I can't get those under the statute, then I'm going to try to parlay this into something different. But I don't see anything in the record to suggest that that's what you were ever doing. Well, we did put in testimony regarding his fear of it. But I'd like to go to the emotional distress because I do believe that is the heart of the issue. And in Cummings, the Supreme Court determined that under the Rehabilitation Act, you weren't entitled to emotional distress because it was based on the spending clause and contract damages. Then bootstrapping that, the court relies here on a provision in the ADA that says remedies provided, remedies, procedures, and rights, the subchapters provide, I'm sorry, remedies, procedures, and rights under the subchapter provide to any person alleging discrimination on the basis of disability. And there is a difference. The remedies under the ADA are the remedies under the Rehabilitation Act. But they're not. By definition, they're not. The ADA applies to everybody. The Rehabilitation Act only applies to people receiving federal funding. So they're not. But the statute says, it may speak more broadly as to rights, but as to remedies, it says under the ADA, you have the rights that are available and remedies that are available under the Rehab Act. But the Rehab Act, but that's just not true. The Rehab Act. But the statute says that. But the statute also says that you can sue under the ADA against an individual who does not receive financial, who does not receive financial benefit from the federal government, while the Rehabilitation Act only allows you to sue for, or obtain remedies against someone who did. So by definition of the two statutes, there would be no reason for the two statutes. If one wasn't supposed to be brought in. What's the types of remedies, right? Like punitive damages are not available under the ADA, right? It's pretty important. You said that in Barnes. Barnes, right. But in Barnes, they described three types of remedies. Punitive damages, compensatory damages, and injunctive relief. They held that punitive, these are broad categories of damages that are allowed. They didn't get into the subset of damages such as emotional distress, contract, loss of benefit. It was never that specific. If you're able to prove you had emotional distress because you were violated, because you were discriminated against based on your disability, you should be able to recover those damages. Well maybe you should be, but that's not what Congress has said. Congress, there's nothing in that statute that limits, that doesn't say. What's the point of the ADA saying that the remedies, procedures, and rights of the ADA are the remedies, procedures, and rights of the rehabilitation? I don't believe it was meant, I think it was a floor, not a ceiling. I don't believe, there's nothing like the only remedies that are available under the Has any court ruled that way? No circuit court has ruled, there are district courts, there's one other case. The district courts have all ruled the other way, isn't that right? District courts have. The 11th Circuit has a case that they're considering now that they're going to have an oral argument in I think three or four days on this very issue. No other circuit court has ruled on this issue. And no district court has found your way? No district court has found their way. But I also would like to say that there's nothing in the legislative history that suggests that the rights under the ADA were limited by this language. To bootstrap, and then the reasoning, not the lesser of the argument or the most of the argument, it makes no sense. The reasoning in Cummings was that a person receiving federal funds had to be put on notice that they couldn't discriminate and where those remedies would be. There's no such rationale, logic, anything that meets that would say that a person that has a blanket commerce clause, prohibition against discrimination, cannot seek emotional distress damages. But wouldn't the same argument apply then to punitive damages in your view? But the Supreme Court has already said, no, punitive damages are not available under the Rehabilitation Act. They said that in Barnes, but the reasoning behind Barnes was the broad categories of damages. And they did hold that punitive damages aren't allowed under the ADA. But compensatory damages are. So why can't you prove your compensatory damages? If you do this, if you say you cannot recover compensatory damages in the form of emotional distress under the ADA, you're just reinforcing that people with disabilities are second class citizens. Under every other statute, if you're discriminated by race, if you're discriminated by gender, you're entitled to get emotional distress. You're sending a signal to individuals with disabilities that they're second class citizens and you're doing it on a very thin reed of logic that doesn't apply. And it's just wasn't something- The Supreme Court in Barnes says the ADA could not be clearer that the remedies, procedures, and rights under the ADA are tied to the Rehabilitation Act. But they specifically referenced three types of relief. Compensatory, punitive, and injunctive. They don't delve into- It didn't address the issue of emotional distress damages. But later, they address emotional distress damages under the Rehabilitation Act. Based on a spending clause. Based on the fact that it's a contract, and the only contract. How are you going to have contracts- But the spending clause argument was made also in Barnes and rejected by the Supreme Court, right? With regard to punitive damages. They have- But it's the same point.  The distinction is one's a spending clause statute and the other is not. And the Supreme Court said that makes no difference because the language of the statutes tracks the language of the other statute. Isn't that what the Supreme Court said? No, they said that the punitive damages, compensatory damages, and injunctive relief were three categories of relief. Compensatory damages are allowed under the Rehabilitation Act. The question is the subset of those damages. And you cannot, because it's a contract theory, which is not applicable. And both Barnes and Cummings relied on a contract theory. They talked about that a person has to be put on notice as to the type of damages they could be liable for. And that under a contract theory, so under the Rehabilitation Act, which is tied to money, the receipt of money, the only type of damages that they were put on notice for were contract. That doesn't apply. That simply does not apply. The ADA is a statute of general applicability. It prohibits discrimination and it allows compensatory damages, whatever you can prove. You may not be able to prove emotional distress damages. You might only be able to prove I didn't get the benefit of my tuition. But you should be able to present that. And there's nothing in the ADA that precludes that. There's no language. There's no language that's limited to only the remedies under the Rehabilitation Act. The language of the statute- But if the Rehabilitation Act doesn't allow emotional distress damages, and the ADA's remedies, procedures, and rights are the same as those set forth in the Rehabilitation Act, how do you get to the point where you say- I believe that the remedy- Let me just finish. I'm sorry. The ADA allows emotional distress damages where the Rehabilitation Act does not. Because the remedies, I think, apply to the category of damages. Punitive, compensatory, or injunctive. Punitive was not allowed under the Rehabilitation Act because of Cummings. It doesn't mean compensatory damages aren't allowed, and they are allowed. And people have been getting emotional distress damages for years. But Rehabilitation Act allows compensatory damages, right? Yeah, if you can prove it- It just doesn't allow emotional distress damages. Because it's founded in contract. That reason, that jump in reasoning to the ADA, which is something that applies to everyone, doesn't make any sense. It makes absolutely no sense. And it's devastating. What kind of damages is an individual with a disability going to have if- But then your point really rings hollow to me, because the Rehabilitation Act just applies to prevent and disable individuals, just a different set of defendants. Right, but the reasoning that Cummings used, the Supreme Court used in Cummings, was because of the type of individuals who could be sued were only people receiving money. Then the type of compensatory damages would be only the traditional damages that somebody that receives- So the implication you're arguing for is that this would send a terrible signal to disabled people that they're second class citizens. This is a choice that Congress made to limit remedies both as to disabled individuals who are subject to employment in public employers, state employers, as well as private. So this is where we kind of, we are. But I don't believe, if you look at the language of the statute, it does not limit it. And by definition, the remedies are different. Well, we've gone a bit over, but you've got two minutes for rebuttal, Mr. Burris. We'll hear some more from you. Okay, thank you. That's all right, and now we'll hear from Mr. Yanni. Am I pronouncing that right? Yes, thank you. May it please the court, Steven Yanni for the appellees. This court should affirm because the relief plaintiff seeks is barred. In Cummings, the Supreme Court held that emotional distress damages are not available under the Rehabilitation Act, and the ADA expressly limits plaintiffs to remedies that are available under the Rehabilitation Act. So it necessarily follows that emotional distress damages are also barred under the ADA. And in particular, the statute reads that the remedies, procedures, and rights set forth in the Rehabilitation Act shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability. And the Supreme Court in Barnes v. Gorman rejected the same argument that my friend's asserting here, that any limitations on the Rehabilitation Act don't apply equally to the ADA because it's not spending clause legislation. The court rejected that argument based on straightforward statutory interpretation. It held, as Judge Sullivan alluded to, that the ADA couldn't be clear that it was incorporating the remedies under the Rehabilitation Act, which is spending clause legislation. And all the district courts to have considered this question have come down on our side. And with respect to my friend's argument that discrimination is unique, this argument was raised and rejected in Cummings itself. What about, I'm not sure I even understand the argument, but the suggestion that there's some contract derivative claim here that makes it different. In terms of- I thought that's what Mr. Murray was saying, and I guess I'm asking if you have a response to that. If I could follow up, in the complaint, it's alleged that he has difficulty going to class or utilizing purchase facilities for fear of being arrested and so on. But that he basically can't get the benefit of his tuition generously interpreted, which I understood to be that contract kind of claim that's tied in some respects to the emotional damages he's claiming. But if we were to agree with you on the general position, point about the ADA, looking at the complaint more generously, isn't he alleging that he indicated that he was a disabled individual, that they gave him no opportunity to have the no contact order reviews, and that shut him out of basically what his tuition payment had purchased? So I would disagree with that for a couple of reasons, Your Honor. First, so looking at the complaint itself, the complaint never alleges that the plaintiff suffered any economic injuries and was attempting to recover lost tuition. And it tied all of these alleged injuries about the inability to use facilities directly to emotional distress and didn't distinguish them. So I- Well, it says his ability to perform academically has been disrupted because he's in a class with one of the students for whom a no contact order has been issued. So he was unable to attend the class and couldn't perform and participate academically. And that's not because he was afraid, it's because the order limited his ability. Why isn't that enough? Well, Your Honor, I point you to 821 of the record where I think it does tie this together. It says that as a result of the issuance of the no contact orders and his disability, Doherty suffers great anxiety and depression, has difficulty going to class or utilizing facilities for fear of being arrested, and is afraid to socialize with other students. These are all emotional injuries, and they're quite similar to what the plaintiff was alleging in Cummings. There, the plaintiff alleged that the failure to provide her with an interpreter was distressing and forced her to seek treatment elsewhere, deprived her of the opportunity to be treated there. But that, the court held, is a purely emotional injury for which damages weren't available. But I think- Could you address the one paragraph in the complaint that I highlighted that says his ability to perform academically has been disrupted because he is in a class with one of the students for whom a no contact order has been issued, and therefore he cannot attend that class. That doesn't tie to his emotional distress. That just says he enrolled in a class, he paid his tuition implicitly, and he can't go. I think it's a bridge too far to say that that adequately alleges some kind of economic harm. We don't know how, I mean, the complaint doesn't allege he wasn't able to attend the class or finish the class or get credits. He doesn't contest that he, in fact, graduated, and I think this is all made clearer by his responses to the interrogatories and throughout discovery that he was claiming no economic injuries. I think the court should hold plaintiff to that express waiver. So I point the court to page- Can we look at that really on a motion for judgment on the pleadings? I think so, your honor. I think the court can take judicial notice of plaintiff's own representations in this litigation. I think if, for example, plaintiff during argument on a motion to dismiss clarified his complaint and said he wasn't seeking specific damages, not aware of any law, that the court would not be allowed to consider that kind of concession. And here the plaintiff expressly disclaimed having suffered any economic injuries. We asked him to identify any and all economic injuries. He responded that he's not claiming economic injuries. That's at A-79. We asked him to identify all physical or emotional injuries, and he listed that he was seeking damages from emotional distress, but said he's not alleging any other injuries. And in other briefing below in discovery motion practice, he said he was limiting his damages to garden variety emotional distress. So at each and every step, he said he wasn't claiming economic damages. And just to lay out the timeline, I mean, he answered these interrogatories in March of 2021. The Cummings decision, and then between that point and the time that we moved for judgment on the pleadings, he never sought to amend his interrogatory responses or even to amend the complaint. There's no even request on appeal to go back and amend the complaint to assert these other kinds of damages. But again, he does say also that he has difficulty availing himself of the facilities of purchase. And on a motion for judgment on the pleadings, what authority do we have for looking into discovery matters? I mean, we're supposed to apply the same standards we apply in a regular 12B6. Right? I think if the court were to not consider this issue to be waived, I would point the court to Cummings, which decided on a 12B6 motion. And there the court rejected the same kind of allegation that the plaintiff couldn't utilize a particular facility because that was found to be purely an emotional distress injury. And I don't think the complaint gives the court any reasonable basis to conclude otherwise in this case. This is a little different though from that scenario, because here we're talking about, it's one thing if an individual says, because of my distress, that is why I can't go here or do this. Here, it's not purely the distress, it's actually being ordered not to interact with certain individuals who may be in classes. And so it's not, it certainly seems like there's an emotional component to it, but it's beyond that. There is actually something that is preventing him from taking full advantage of the educational opportunities. You can frame it as a loss of opportunity. So the complaint does allege there is difficulty going to class, but it doesn't allege that he was excluded from the class himself. The complaint doesn't say that he was prohibited from going in person to a class because one of the students with a no contact order was in that class. That allegation doesn't appear in the complaint. So I think the only fair reading of the complaint is that this was just another manifestation of his emotional distress. I do also want to touch on why nominal damages aren't available under the circumstances presented here. So first and foremost, I think the plaintiff has forfeited the ability to assert nominal damages in this case. The complaint doesn't request nominal damages. There's never been a request to amend the complaint to seek them. He mentioned nominal damages for the first time in opposition to our Rule 12C motion. But even then, the motion focused on why he should be allowed to obtain attorney's fees and didn't present a theory as to why nominal damages should be available under the law. And again, as we've discussed, he's disclaimed any kind of damages except for emotional distress damages. And in addition to some of the examples I've talked about, on ECF 44-3 in the district court docket, we asked the plaintiff to state the amount of damages you're claiming for each cause of action and how that amount was calculated. And he said he was claiming damages for emotional distress to be determined by a jury. And again, we were entitled to rely on these representations when we were litigating this case. And it'd be prejudicial to require defendants to bear the burden of further proceedings based on the theory that's been waived time and again. Well, you seem to be arguing in your brief that the lost opportunity damages, insofar as we're inclined to read the complaint to allege those kind of damages, can't be calculated with reasonable certainty. And if that's the case, they are available but can't be calculated with reasonable certainty. Aren't those exactly the kind of damages that can be, for which nominal damages can be recovered? No, I don't think so. I think my primary response would be to, again, point the court to Cummings. I don't think these type of damages are fairly viewed as economic damages at all. He hasn't identified a specific opportunity that was lost that caused him an economic injury. And for the reasons we've discussed, I think it's all just manifestations of his emotional distress. So if he had alleged that he's a pre-med and the no contact orders were entered in classes in which the persons who requested the no contact orders also were pre-med attended. And so he could not attend those classes and couldn't pursue his dream of becoming a doctor because of those. That would be economic damage. He would pay tuition and couldn't attend those. That kind of allegation would be specific enough to withstand the motion for judgment on the pleadings? I think if it comes closer to alleging that some kind of economic harm ensued, then yes, that would be a closer question. And of course, we'd have to look to make sure that- Well, if he said, I couldn't take the classes I needed to because of the no contact order. So it took me an extra semester to graduate, and that's an extra semester's worth of tuition. That would be an economic damage that would be asserted, and he could go forward on his compensatory damages, right? I think that's right, but there's no such allegation anywhere along those lines in this commission. I'm not saying it's in the complaint. I'm saying that would be an example of articulating economic harm, compensatory damages that seem to have been disclaimed here. Yes, that's correct. And lastly, I do just want to touch on the point on the injunctive relief, which hasn't been addressed here today. But I think it's undisputed that the claim for injunctive relief is moot because the plaintiff has since graduated, and the no contact order is- And declaratory relief as well, right? I'm sorry, Your Honor. He's seeking a declaratory judgment or declaratory relief as well as injunctive relief, right? Well, I don't think he's ever asserted a claim for declaratory relief in addition to the- Well, the complaint says he wants- Well, he wouldn't be allowed- An independent cause of action in itself. So I think that with the damages claim moot and the injunctive relief moot, I don't think plaintiff would be entitled to simply proceed on the declaration. Let me actually ask you about that. I mean, there's a declaration in the record that says that the no contact order is not a disciplinary ruling, and that it would not be provided to future employers or to a graduate school, for example. But it's not clear to me that the plaintiff has accepted that. I mean, these are factual allegations, and that's certainly different from the vacay tour of the no contact order, isn't it? So why isn't there some relief still that could be awarded? Or at least there's a factual dispute as to whether the status of those orders. Because I don't think it's correct as a categorical matter to say once a student plaintiff graduates that all injunctive relief becomes moot. Because there can be lasting harm from a disciplinary record, for example, that appears in a student's transcript. Well, I think on this record there is no dispute of fact. The only testimony, the only information we have on the record is that the no contact orders aren't disciplinary actions that are reflected on permanent academic records. And they're not shared with prospective employers. And the plaintiff, as we've discussed, went through fact discovery and had the opportunity to put that into contention. But there's no evidence in the record that he will in any way be impacted by these in the future, besides the fact that these are records in Sunni's possession. But he can't, the availability of psychic satisfaction of having those records destroyed or something along those lines doesn't provide a basis for standing. But again, we're on a motion for judgment on the pleadings. And we're supposed to rely on a declaration regarding matters of fact that I'm not clear that the plaintiff has conceded. Can you help me resolve that? Well, I will note that we did raise this issue in our responsive brief on the, this I think goes to mootness, the continued availability of injunctive relief where the court can look outside the four corners of the complaint. The plaintiff's reply brief doesn't address this issue at all. So I don't think it's fair to say that he's put that in dispute. And I do just want to correct one other thing about the relief requested here. On page 31 to 32, which is the amended complaint, the plaintiff requests a judgment declaring the do not contact orders vacated and void. There's not a separate request for a separate declaratory judgment as to the legality of the issuance of the no contact orders. Unless the court has further questions, we respectfully ask you to affirm. Okay, thank you, Mr. Yanni. We'll now hear from Mr. Murray for two minutes of rebuttal. Thank you. With regards to the issue, procedural issue, this was a motion on the pleadings. There is plenty in the record, if it was a summary judgment motion, that we could point to as was stated. There was a specific class that one of the individuals who- But you didn't plead that there was a specific class that he wanted to go to that prevented him from doing something or resulted in economic harm. We pleaded generally, and we also developed a record on it. And we're never given an opportunity to present that record, because this is a motion on the pleadings. If they wanted to make a summary judgment motion, they could make the same arguments, and then we would have been able to rely on the deposition. So where in the pleadings do you say that your client was deprived the benefit of his tuition? When it says that he wasn't able to use the school facilities, because of the no contact orders. It says, as a result, paragraph 474847 is the issuance in existence of no contact orders create great stress for Doherty. Who believes he'll be arrested if he's in the presence, whether he's aware of it or not. As a result, he has difficulty availing himself of the facilities of purchase. I read that to mean that because of his stress, his emotional response. Because of the no contact order, because he's autistic and he doesn't understand what they are. So he doesn't understand the limitations of what can happen. So because of the issuance of the no contact order, without taking into account that the kid was autistic, that he was unable to go to a class, and during depositions, there was a specific class where one of the individuals had a no contact order, and he was not sure whether or not he could go to that class. This is not in your complaint anywhere. Your complaint is remarkably devoid of detail. This was developed during discovery. And even after the- Excuse me, but why? It was developed on discovery, but it's your client who was not able to go to a particular class. So that information was available to you when you were preparing your complaint, right? No, no. That was not because it occurred after the complaint was filed. He was assigned to his class like his sophomore or junior year. And that's when it was. The complaint was filed in his freshman year after this first took place. This was all a summary judgment record. And if they wanted to move for summary judgment, there's nothing that could stop them from moving for summary judgment. And they could argue what they wanted to argue, and we can argue our record for what we want, but they wanted to limit it to the plea. But, I mean, if we're going to go outside of the pleadings, I mean, you expressly stated on numerous occasions that you were only seeking damages for emotional distress. We responded to an interrogatory. We said that, but we objected. So as an officer of the court, how are you able to say now that that's not the case? I don't understand this. You said multiple times in the course of this litigation that you were only seeking emotional distress damages, no other economic damages. And now you're saying that in the complaint, you're actually alleging some other damages, too. We said that we objected to the interrogatory, and then we stated it. And because of that, perfectly frank, because of Cummings, they're saying, okay, this emotional distress, but it's emotional distress, but it's also his inability to deal or go and avail himself of the classes. And on a summary judgment record, if they wanted to show that that was not true, or, but there was tons of testimony on that. And, again, we're stuck in a, limited on a pleadings. The main argument was Cummings. We still, they even say today that it was expressly. When you told, when you said in that interrogatory that you were only seeking emotional distress damages, did you understand your complaint at that point to be asserting more than emotional distress damages? I don't know. I don't know. I do know that there are cases where, that after Cummings, they have held that if there are other types of damages that are compensatory and emotional distress, those you're allowed to recover. And we believe that both, again, they keep saying expressly limited by the language of the ADA. It's not expressly limited by the ADA. The ADA contains no limitation. It says the same remedies and relief. It doesn't say the only or limited to or anything like that. And to have, quite frankly, a Supreme Court decision come out of the blue a little bit. But wait, I mean, there's nothing also, I suppose, in the ADA that bars punitive damages. Would you agree with that? Yes. Okay. But yet the Supreme Court has said punitive damages are not available for ADA claims, right? They have said that broad category punitive damages are not recoverable. And they said they identified specifically, the Supreme Court specifically identified punitive damages, compensatory damages, and injunctive relief. They held compensatory damages were recoverable. Only in Cummings, which did not address the ADA, only in Cummings did they say under the rehabilitation, the compensatory damages were limited to those in contract. So the Barnes says compensatory damages are allowed. In Cummings, they say the type of compensatory damages of emotional distress are not allowed on the Rehabilitation Act. And now that's being bootstrapped into the, to basically decimate the ADA. And it's being bootstrapped on a logic that doesn't apply, on a logic that you have a. But no court any place has ever agreed with this argument. It has not gone to a circuit court. There's one, the 11th Circuit is going to decide this probably in the next month. And they see the same type of argument. All district courts have just simply relied on that language and did a very dismissive review of it. And have not found it in our favor. But this is a higher court. And I think this court has an obligation to look at this and understand the real world implications of the determination that this court will make. And it, so unless the court has any additional questions, I know I'm over my time. All right, thank you very much, Mr. Murray and Mr. Yanni. We will reserve decision. Okay, thank you. Thank you.